## SCRIVNER *v.* JOHNSON.

### Opinion delivered November 3, 1924.

ARBITRATION AND AWARD—CONSTRUCTION OF AGREEMENT.—An agreement to arbitrate questions as to the location of a section corner and to abide by the decision of three competent surveyors in the establishment of such corner contemplated that the original government corner should be located by any competent evidence available; but, if the corner cannot be definitely located by competent circumstantial or positive testimony, the surveyors would be authorized to locate the corner by survey in accordance with the government rules for locating a lost corner.

Appeal from Clay Chancery Court, Western District; *Archer Wheatley,* Chancellor; reversed.

*F. G. Taylor* and *C. T. Bloodworth,* for appellant.

Testimony is admissible to show where a monument originally stood as the true corner. 4 Am. & Eng. Ency. of Law, 850. Parol evidence is admissible to prove the location of a lost or obliterated corner. 4 Am. & Eng. Ency. of Law, 850. A survey by a county surveyor is *prima facie* correct; the survey of another must be proved correct. 44 Ark. 287; 50 Ark. 65; 53 Ark. 411.

*J. L. Taylor,* for appellee.

The findings of the chancellor that the surveyors made no mistake is conclusive unless clearly against the preponderance of the evidence. 120 Ark. 313.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Clay County confirming the report of a board of surveyors appointed by the court to determine where the United States Government established a corner between sections 4, 5, 8 and 9, in township 21 north, range 4 east, in Clay County, Arkansas.

Exceptions were filed to the report, and, by consent of the parties, the transcript of the case of H. H. Johnson *v.* R. R. Black, in the circuit court for the Western District of Clay County, was filed as evidence tending to show that the original government corner was more than one hundred yards from the corner established by the board of surveyors. The board of surveyors was

appointed by the court under the following written agreement between the parties to this suit:

"This agreement, made and entered into this the 14th day of March, 1921, by and between the parties who are signers hereof, for the purpose of determining as to where the government established a corner between sections four and five, eight and nine, in township 21 north, range 4 east, Clay County, Arkansas.

"Whereas, the location of said section corner is now in doubt by some of the interested parties, this agreement is for the purpose of establishing the said section corner to the satisfaction of all parties concerned. Now we, the undersigned landowners and parties affected by the establishment of said section corner and lines running thereto, do hereby agree to abide by the decision of three competent surveyors in the establishment of said section corner, and agree to adjust our fences accordingly."

The board of surveyors reported that they were unable to discover any marks on the ground by which they could locate the government corner described in the field notes of the original survey, and that they located the corner by proportionate distances from known corners, according to the methods prescribed by the General Land Office for locating lost corners.

Appellant contends for a reversal of the decree confirming the report of the board of surveyors, upon the ground that the surveyors and trial court misinterpreted the agreement of the parties relative to the location of the government corner in question. Appellant construes the agreement to mean that the surveyors should locate the original government corner by any competent evidence available. The surveyors and trial court construed it to mean that the original government corner should be located from the description of said corner contained in the field notes, and, if the markings of the corner had disappeared, then to locate the corner by survey in accordance with the government rules for surveying.

We think the construction placed upon the agreement by appellant is correct, and that the surveyors should have heard any available, competent testimony in an effort to find the original corner, before resorting to a survey to locate same. Of course, if the original corner cannot be definitely located by circumstantial or positive testimony which is competent, then the surveyors would be authorized, under the agreement, to locate and establish the corner by survey, in accordance with government rules for locating a lost corner. While the agreement was in the nature of an arbitration, the report or award was not binding upon the parties because the surveyors made a mistake. They proceeded under a misunderstanding of the contract, and under an erroneous impression as to their duty.

The decree is reversed, with directions to sustain the exceptions to the report of the surveyors and for further proceedings not inconsistent with this opinion.